IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | : | 4:CV-07-1354 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| RANDALL LEE MURPHY and | : | |
| JOY A. MURPHY, | : | |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

September 25, 2008

**BACKGROUND:**

Plaintiff Allstate Indemnity Company ("Allstate") initiated this civil action by filing a declaratory judgment complaint, pursuant to 28 U.S.C. § 2201, on July 25, 2007, seeking a declaration of rights, duties and liabilities of the parties under the homeowners insurance policy issued by Allstate to defendant Joy A. Murphy ("Joy Murphy"). On September 18, 2007, defendants Joy Murphy and Randall Lee Murphy ("Randall Murphy") filed an amended answer to Allstate's declaratory judgment complaint which set forth a counterclaim against Allstate for breach of contract for failure to provide payment and coverage in accordance with the homeowners insurance policy. On October 2, 2007, Allstate filed an answer to the

defendants' counterclaim, denying the defendants' breach of contract claim and asserting a counterclaim against defendants for civil insurance fraud pursuant to Pennsylvania's insurance fraud statute, 18 Pa. Cons. Stat. Ann. § 4117. Defendants filed a reply to Allstate's answer on October 22, 2007.

Allstate filed its motion for summary judgment on August 15, 2008, moving the court to grant its declaratory judgment and counterclaim for civil insurance fraud and dismiss defendants' breach of contract counterclaim.  Plaintiff filed a memorandum of law in support of its motion on the filing date.  Defendants neglected to file an opposing brief within the time allotted by the local rules. Therefore, this matter is ripe for disposition.   For the following reasons, we will grant plaintiff's motion.

As indicated, defendants have failed to file a brief in opposition to plaintiff's motion for summary judgment.  LR 7.6 of the Local Rules of the United States District Court for the Middle District of Pennsylvania reads in part as follows:

> Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents within fifteen (15) days after service of the movant's brief, . . .   Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

Although defendants are therefore deemed not to oppose plaintiff's motion for summary judgment, we will review the motion on its merits.

**DISCUSSION:**

### I.  Standard of Review

It is appropriate for a court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit.  Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).  In evaluating a motion for summary judgment the court will draw all reasonable inferences from the evidence in the record in favor of the nonmoving party.  Am. Flint Glass Workers Union v. Beaumont Glass Co., 62 F.3d 574, 578 (3d Cir. 1995).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted).  To meet this burden when the moving party bears the

burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of genuine issues of material fact.  National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992).  If the moving party does not meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence.  Id.  However, if the moving party meets its burden, the nonmoving party cannot defeat a motion for summary judgment by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that demonstrates that there is a genuine issue as to a material fact.  See Celotex Corp. V. Catrett, 477 U.S. 317, 321 (1986); Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

If, however, "the nonmoving party has the burden of persuasion at trial, 'the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see also Celotex, 477 at 323 (1986).

## II.  Statement of Facts

On October 16, 2005, defendant Joy Murphy filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Pennsylvania, Docket No. 1:05-BK-09891-MDF.[1] Defendants admit that the value of the personal property owned at that time by Joy Murphy individually and jointly with her husband Randall Murphy was $10,050.00.

On or about October 27, 2005, Allstate issued Deluxe Plus Homeowners Policy number 908799134 ("the policy") in defendant Joy Murphy's name, insuring the defendants' property located at RR 2 Box 176L, Old Sunbury Road in Shamokin Dam, Pennsylvania ("the property"). The policy was to be effective from October 27, 2005 to October 27, 2006. The policy stipulated that Allstate would not "cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." Under the policy's terms, insured persons include the policyholder, the policyholder's resident spouse, any resident relative and any resident dependent of the policyholder or the resident spouse.

On August 6, 2006, less than one (1) year after Joy Murphy's filing for

---

[1] Although it did not affect the disposition of this case, plaintiff, in its brief, incorrectly referred to a Chapter 7 Bankruptcy Petition filed by Joy Murphy as the sole shareholder of J.C. Industrial Services, Inc. In fact, the bankruptcy petition to which plaintiff referred is one filed on behalf of J. C. Industrial Services, Inc. By Joy Murphy as president, and is docketed at No. 1:05-BK-09892-MDF.

bankruptcy, defendants' single family dwelling located on the property was destroyed as the result of a suspicious fire. Defendants, who both qualified as insured persons under the policy, subsequently submitted a sworn statement of proof of loss claiming that the actual cash value of the personal property damaged by the fire was $972,421.42, with whole loss and damage exceeding $1.3 million. Prior to the fire, defendants were delinquent in their mortgage payments and, in the two years immediately preceding the fire, counted Randall Murphy's net salary of approximately $40,000 per annum as their sole source of income.

### III. Plaintiff's Declaratory Judgment Action

Plaintiff asserts that it is entitled to summary judgment for a declaratory judgment holding that Allstate is not obligated to provide coverage to defendants for the loss claimed as a result of the August 6, 2006 fire because the defendants violated the terms of the policy. As noted above, the policy states Allstate is not required to "cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance." This clause is proper under Pennsylvania law. See Jung v. Nationwide Mut. Fire Co., 949 F. Supp. 353, 356 (E.D. Pa. 1997)

Plaintiff argues that the value of the personal property is a material fact and

that the difference between the value of the personal property claimed for the bankruptcy disposition and that claimed following the fire is so absurd that no reasonable jury could find that a genuine issue of material fact is present.  We agree.

As the moving party upon which the burden of persuasion at trial rests, Allstate must show an absence of genuine issues of material fact through evidence in the record.  National State Bank, 979 F.2d at 1582; see also  Aman, 85 F.3d at 1080; Cloverland-Green Spring Dairies, Inc. v. Pennsylvania Milk Marketing Bd., 298 F.3d 201, 210 (3d Cir. 2002)  (citations omitted) (holding that the standard for granting summary judgment on a declaratory judgment request is identical to any other type of relief).  Allstate purports to accomplish this by noting that the $962,371.42 claimed increase in the defendants' personal property value is dishonest on its face.  Additionally, Allstate has demonstrated that the defendants were experiencing financial difficulties prior to the fire and that their only significant source of income following the bankruptcy was Randall Murphy's $40,000 annual net salary.

We agree.  Defendants have provided figures which challenge the limitations of our imagination.  Allstate has noted that defendants claim the $962,371.42 increase in personal property value over ten months may be attributed to the use of

"yard sale" valuations in the amended personal property schedule filed in the bankruptcy case. We recognize that this claim is not only ridiculous, but fantastical, and do not believe that any reasonable jury would find a genuine issue of material fact related to this claim.

It should be noted that Allstate has met its burden and could not possibly offer any more evidence of the defendants' misrepresentations, as such evidence was destroyed during the fire. Under these circumstances, defendants must provide a reasonable explanation for the calculation of the figures they have submitted. See, e.g., Carlson v. Arnot-Ogden Mem'l Hosp., 918 F.2d 411, 413 (3d Cir. 1990) (holding that although the non-moving party need not produce a significant amount of evidence to rebut the plaintiff's assertion, it "must adduce more than a mere scintilla of evidence in its favor") (citation omitted). Defendants predictably failed to do so.

For the aforementioned reasons, we will grant Allstate's summary judgment motion for a declaratory judgment.

## IV. Defendants Breach of Contract Counterclaim

Defendants assert that Allstate wrongfully refused payment of $610,000 and denied coverage under a legally enforceable insurance policy. To succeed in

making such a claim, defendants must demonstrate (1) that a contract existed, (2) that one party breached the contract and (3) resultant damages. Ware v. Rodale Press, Inc., 322 F.3d 218, 225-26 (3d Cir. 2003) (citations omitted). We decline to address the first and third elements because there is no dispute as to the existence of the contract and the second element is dispositive.

In order for defendants to recover upon this action, they must show that Allstate was required to provide coverage and refused to do so. Plaintiff argues, and we agree, that it has not denied coverage but instead has filed a declaratory judgment seeking direction on the coverage issue. As plaintiff correctly noted in its memorandum of law, an insurer is entitled to seek a declaratory judgment regarding insurance coverage issues if those issues are in controversy. See 28 U.S.C. § 2201(a). In fact, both Pennsylvania and Federal Courts interpreting Pennsylvania law have noted that these declaratory judgment actions are preferable to the insurer's denying coverage in these actions. See Allstate Ins. Co. V. Kenney, No. 02-CV-02387, 2003 WL 22345683, at *3 n.6 (E.D. Pa. Oct. 8, 2003) (citing Stidham v. Millvale Sportment's Club, 618 A.2d 945, 954 (Pa. Super. Ct. 1992)).

Finding the controversy regarding the defendants' personal property to be legitimate, see Hepps v. Gen. Am. Life. Ins., No. 95-CV-5508, 1998 WL 564497,

at *5 (E.D. Pa. Sept. 2, 1998) ("Material Misrepresentations by an insured in the submission of a claim are a legitimate basis for [the claim's] denial."), we hold that, as a matter of law, a reasonable jury could not find that Allstate breached the contractual duty imposed by the policy.  Therefore, since defendants cannot prove an essential element of a breach of contract claim, their counterclaim fails to state a claim upon which relief can be granted.

### V. Plaintiff's Civil Insurance Fraud Claim

Predictably, plaintiff's civil insurance fraud claim hinges upon the difference in the personal property valuations. In order to successfully assert this claim the plaintiff must demonstrate that the defendant either "knowingly and with the intent to defraud any insurer" presented a claim containing "false, incomplete or misleading information concerning any fact or thing material to the claim" or conspired or assisted another to do so. See 18 Pa. Cons. Stat. Ann. § 4117.

Clearly, the value of the personal property involved in the claim is material as it directly influences the payout under the policy.  See Hepps, 1998 WL 564497 at *4 ("A statement is material if it 'concerns a subject relevant and germane to the insurer's investigation as it was then proceeding' or 'if a reasonable insurance company, in determining its course of action, would attach importance to the fact

misrepresented.'") (quoting <u>Parasco v. Pacific Indem. Co.</u>, 920 F.Supp. 647, 654 (E.D. Pa. 1996)).  Therefore, we recognize that, given the egregious nature of the defendants' misrepresentation and the utter lack of evidence substantiating their claims, a reasonable jury could only conclude that defendants "knowingly and with the intent to defraud" Allstate submitted misleading information concerning facts material to the defendants' claim.  <u>See</u> <u>Wezorek v. Allstate Ins. Co.</u>, No. 06-CV-1031, 2007 WL 2264096, at *11 (E.D. Pa. Aug. 7, 2007) ("Fraudulent intent may be inferred where 'false answers are given under such circumstances that the actor must have been aware of their falsity.'") (quoting <u>Hepps</u>, 1998 WL 564497 at *4); <u>Derr v. Mut. Life Ins. Co.</u>, 41 A.2d 542, 544 (Pa. 1945).  Considering all of the aforementioned evidence, we determine that defendants have, as a matter of law, violated 18 Pa. Cons. Stat. Ann. § 4117.

Pursuant to this statute, Allstate seeks recovery against defendants for reasonable investigation expenses, costs of suit and attorney's fees.  This relief is proper under Pennsylvania's insurance fraud statute at the court's discretion, <u>see</u> 18 Pa. Cons. Stat. Ann. § 4117(g), and need not be accompanied by a pattern of violations.  <u>Wezorek</u>, 2007 WL 2264096 at *14 n.20 (citations omitted).  For all of the reasons discussed above, we shall grant Allstate's motion for summary judgment on its civil insurance fraud claim.  Allstate will be directed to submit a

duly supported claim if it seeks an award of reasonable investigation expenses, costs of suit and attorney's fees.

On September 15, 2008, the court granted plaintiff's motion to compel defendants to answer interrogatories. In that order the court directed defendants to serve signed and verified responses to plaintiff's interrogatories within ten (10) days. Late in the day on September 24, 2008, defendant Randall Murphy advised the court that defendants would respond by letter on September 29, 2008. However, the order being issued today renders this matter moot. No matter what may be contained in the answers to plaintiff's interrogatories, they cannot affect disposition of the plaintiff's motion for summary judgment. Defendants have provided no response whatsoever to that motion.

                                        s/ James F. McClure, Jr.
                                        James F. McClure, Jr.
                                        United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | : | 4:CV-07-1354 |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| RANDALL LEE MURPHY and | : | |
| JOY A. MURPHY, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

September 25, 2008

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for summary judgment for declaratory judgment (Rec. Doc. No. 27) is GRANTED.

2. Plaintiff's motion to dismiss defendants' counterclaim for breach of contract (Rec. Doc. No. 27) is GRANTED.

3. Plaintiff's motion for summary judgment on its counterclaim for civil insurance fraud (Rec. Doc. No. 27) is GRANTED.

4. If plaintiff wishes to pursue reasonable investigation expenses, costs of suit and attorney's fees, it must file a duly supported claim for the same no later than October 10, 2008.

  5. The clerk is directed to defer entry of final judgment until further order of court.

            <u>s/ James F. McClure, Jr.</u>
            James F. McClure, Jr.
            United States District Judge